IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHAN TROTTER                                                                PETITIONER
ADC #166875

V.                              CASE NO. 5:19-CV-187-JM-BD

DEXTER PAYNE,[1] Director,
Arkansas Department of Correction                                              RESPONDENT

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Any party to this suit may file written objections. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not object, they may lose the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Procedural Background:**

Petitioner Jonathan Trotter was twenty-eight years old when a jury convicted him of two counts of rape and two counts of second-degree sexual assault committed against a thirteen-year-old girl. *Trotter v. State*, 2018 ARK. APP. 326, at 1. The jury sentenced Mr. Trotter to spend thirty years in the Arkansas Department of Correction (ADC). *Id.*

---

[1] The Clerk is directed to substitute Dexter Payne, the current Director of the Arkansas Department of Correction, for Wendy Kelley as the proper respondent in this case.

Mr. Trotter raised two issues on direct appeal of his conviction. He first claimed that there was insufficient evidence to support his convictions; and second, he claimed that the trial court erred in denying his motion to declare Arkansas Code Annotated section 5-14-102, which bars a "mistake-of-age" defense unconstitutional. *Id*.

The Arkansas Court of Appeals affirmed Mr. Trotter's conviction. *Id*. at 6. It found that there was sufficient evidence at trial to support his convictions. And, it held that it was without authority to overrule the Arkansas Supreme Court's decision that the statute in question did not violate the United States or Arkansas Constitutions. *Id*. at 5-6 (citing *Gaines v. State*, 354 ARK. 89 (2003)). The mandate issued on June 12, 2018.

Mr. Trotter filed a petition under Rule 37 of the Arkansas Rules of Criminal Procedure on September 10, 2018 in the Hempstead County Circuit Court. (#10-7) In the unverified petition, Mr. Trotter asserted that Arkansas Rule of Criminal Procedure 37.2, which requires that a petition seeking post-conviction relief be filed within 60 days of the mandate, did not apply to his case. He went on to claim that his trial counsel was unconstitutionally ineffective for failing to call a witness; for not arguing that the victim falsely represented herself as an adult; for not arguing that the victim exhibited a pattern of untruthfulness with other adult males "for the purpose of sex"; and that the prosecutor abused her discretion in her charging decision. (#10-7)

Mr. Trotter also filed a verified addendum to his Rule 37 petition. (#10-8) In the addendum, Mr. Trotter claimed that: (1) the prosecuting attorney purposely withheld information; (2) the court's denial of the mistake-of-age defense violated his due process rights under the Arkansas Constitution; (3) the court erred by not allowing him to argue

that he was ignorant of the victim's age so that he could have been tried for a lesser-included offense; (4) the prosecutor purposely withheld information that would have mitigated the charges and punishment; (5) he was denied due process when the court failed to instruct the jury on lesser-included offenses; (6) the trial court improperly suppressed relevant evidence; and (7) the prosecutor erred by not reducing the charges based on the victim's prior sexual conduct. (#10-8) The circuit court denied the petition as untimely. (#10-10) Mr. Trotter did not appeal.

### III.    Mr. Trotter's Claims:

Mr. Trotter raises the following claims in his pending federal petition: (1) he was denied due process because there was insufficient evidence to support his conviction; (2) Arkansas's prohibition against a mistake-of-age defense is unconstitutional; (3) trial and appellate counsel were constitutionally ineffective: for failing to properly cross-examine the victim at trial to impeach her credibility; for failing to call a particular witness; for failing to argue lack of criminal intent; for failing to file a pre-trial motion to amend the information to charge him with the lesser charge of indecency-with-a-child; for failing to quash the information on grounds of double jeopardy; for failing to seek a change of venue; and, for failure of appellate counsel to raise "meritorious" arguments on appeal that had been denied by the trial court (*i.e.* motion to suppress, motion for disclosure of exculpatory evidence, motion to preclude undisclosed evidence, etc.). (#2)

Director Payne has responded to the petition, arguing that Mr. Trotter's claims either lack merit or are procedurally defaulted. (#10 at 7-20)

**IV.   Facts:**

At trial, the Arkansas Supreme Court summarized the evidence produced at trial as follows:

> The State presented two witnesses at the jury trial. The first was Officer Jesus Coronado, and the second was the victim, R.S.
>
> Officer Coronado investigated the case after receiving a report that Mr. Trotter had engaged in sexual intercourse with R.S. Officer Coronado interviewed R.S., and during the interview R.S. stated that she had sexual intercourse with Mr. Trotter in July 2016 and again in August 2016. On the following day, after administering *Miranda* warnings, Officer Coronado interviewed Mr. Trotter. During that interview, Mr. Trotter admitted that he had sexual intercourse with R.S.
>
> R.S. testified that she is thirteen years old. She stated that she met Mr. Trotter in person but that they also communicated on Facebook. R.S. testified that she had sexual intercourse with Mr. Trotter in his apartment on two separate occasions. On the first occasion, in July 2016, Mr. Trotter began kissing R.S. and rubbing her buttocks with his hand. Mr. Trotter then pulled R.S.'s pants down, rubbed her vagina with his hand, and put his penis in her vagina. On the second occasion, in August 2016, Mr. Trotter began kissing R.S. and touching her breasts with his hand. R.S. testified that during this second episode, Mr. Trotter again put his penis in her vagina.
>
> Mr. Trotter testified for the defense. He stated that he met R.S. on social media and that they would talk and "smoke weed" together. Mr. Trotter acknowledged that he had sexual intercourse with R.S., although he stated that it happened only one time. He stated, "I did put my penis in her vagina."

*Trotter v. State*, 2018 Ark. App. 326, at 4–5.

**V.   Discussion:**

**A. Standard**

A federal habeas petitioner who challenges a matter adjudicated by a state court on the merits must show that the state court's decision "was contrary to, or involved an

4

unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To decide whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact, this Court must "train its attention on the particular reasons—both legal and factual—why state courts rejected the state prisoner's federal claims." *Wilson v. Sellers*, __U.S. __, __, 138 S. Ct. 1188, 1191-92 (2018) (quoting *Hittson v. Chatman*, 576 U.S. __, __, 135 S. Ct. 2126, 2126 (2015)). The Court must also give appropriate deference to the state court's decision. *Id.* (citing *Harrington v. Richter*, 562 U.S. 86, 101–102 (2011)).

As used in the statute, "contrary to" and "unreasonable application" have "independent meaning." See *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The "contrary to" clause "suggests that the state court's decision must be substantially different from the relevant precedent of [the Supreme] Court." *Id.* (defining "contrary" as "diametrically different," "opposite in character or nature," or "mutually opposed"). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 821 (2017) (citing *Williams*, 529 U.S. at 407).

### B. Procedural Default of Ineffective-Assistance-of-Counsel Claims

Mr. Trotter has procedurally defaulted his ineffective-assistance-of-counsel claims, because he did not timely raise the issue with the trial court in a Rule 37 petition. *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (a federal court will not review the merits of a claim, including a constitutional claim, if the state court declined to address the claim because the petitioner did not comply with an established state procedural rule) (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)); *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012) (a claim is procedurally defaulted if a petitioner failed to raise it in state proceedings).

Mr. Trotter's default can be excused, but only if he can demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law; or, if he can demonstrate that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin*, 879 F.3d at 311 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Id*. at 313 (citing *Coleman*, 501 U.S. at 753).

Lack of an attorney and attorney ignorance or inadvertence are not usually deemed reason to excuse procedural default. *Id*. The United States Supreme Court, however, has carved out a limited exception. See *Martinez*, 566 U.S. 1. Where claims of ineffective-assistance-of-trial-counsel must be raised in an initial-review collateral proceeding, as required in Arkansas, procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective-assistance-of-trial-counsel if, in the initial-review

proceeding, the petitioner was not represented by counsel or if counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 17.

    1. *Martinez*

Here, the *Martinez* exception does not apply to any of Mr. Trotter's ineffective-assistance-of-counsel claims, because the claims were not raised in a "properly filed" Rule 37 petition. An application is properly filed when its delivery and acceptance comply with the rules governing the filing of the document.

*Martinez* did not establish a right to have counsel prepare and file a petition in compliance with the applicable rules. *Martinez*, 566 U.S. at 8-9. In fact, *Martinez* is cause to excuse a substantial ineffective-assistance-of-counsel claim only when a State fails to appoint counsel for a prisoner who *effectively initiates* a request for relief in state court or the State appoints ineffective counsel. Stated another way, the *Martinez* exception is premised on "cause" consisting of "there being no counsel or only ineffective counsel during the state collateral review proceeding." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (omitting citation and internal quotes). For a petitioner who did not initiate a state collateral-review proceeding, the "cause" for the equitable exception ceases to exist. *Martinez*, 566 U.S. at 7-9; *Phillips v. Kelley*, No. 5:16-CV-092-JM-JTK, 2018 WL 6981226, at *3 (E.D. Ark. Dec. 11, 2018), *report and recommendation adopted*, No. 5:16-CV-092-JM-JTK, 2019 WL 138165 (E.D. Ark. Jan. 8, 2019); *Travis v. Kelley*, No. 5:17-CV-44-SWW-JTR, 2017 WL 4295258, at 5 n.15 (E.D. Ark. Sept. 5, 2017), *report and recommendation adopted*, No. 5:17-CV-44-SWW-JTR, 2017 WL 4295197 (E.D.

Ark. Sept. 27, 2017), *appeal dismissed*, No. 17-3471, 2018 WL 2222602 (8th Cir. Apr. 13, 2018), *reh'g denied* (May 16, 2018)

Mr. Trotter failed to initiate a timely request for post-conviction relief in the circuit court; therefore, the *Martinez* exception is unavailing.

### 2. Cause and Prejudice

The question remains, however, whether Mr. Trotter has established cause-and-prejudice to excuse his default of any of his ineffective-assistance-of-counsel claims, aside from the narrow exception articulated in *Martinez*. *Franklin*, 879 F.3d at 311 (quoting *Coleman*, 501 U.S. at 750). Cause is established when some objective factor external to the defense impedes efforts to comply with the State's procedural rule. *Franklin*, 879 F.3d at 313 (citing *Coleman*, 501 U.S. at 753).

Mr. Trotter claims that ineffective assistance of appellate counsel caused him to procedurally default his Rule 37 petition. Specifically, he contends that counsel failed to notify him when the Court of Appeals affirmed his conviction on direct appeal.

Ineffective assistance of counsel that prevents a petitioner from raising a claim in state court may be "cause" for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The exhaustion doctrine requires, however, that a petitioner present this ineffective-assistance claim in state court as an independent claim before using it in federal court to establish cause for his state procedural default. *Id.* at 489.

Mr. Trotter attempted to raise ineffective-assistance-of-counsel claims with the trial court by filing a Rule 37 petition. The trial court, however, rejected the petition because it was untimely, and Mr. Trotter did not appeal from the trial court's order.

Consequently, he has not successfully established that ineffective assistance of trial or appellate counsel caused his procedural default. *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003). Because Mr. Trotter has not established cause for his failure to raise his claims in the state courts, it is not necessary to reach the question of prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

       3. Actual Innocence

Even if a claim is procedurally barred, this Court can review the claim if the petitioner has come forward with new evidence to support a claim of actual innocence. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). The United States Supreme Court has described "new reliable evidence," as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Eighth Circuit Court of Appeals has further explained that "new evidence" is evidence that was not available at trial and could not have been discovered earlier through the exercise of due diligence. *Nash*, 807 F.3d at 899 (quoting *Amrine v. Bowersox*, 238 F.3d at 1028, 1029 (8th Cir. 2001) (citation omitted). Mr. Trotter has not come forward with any *new*, *reliable* evidence to establish actual innocence.

Mr. Trotter procedurally defaulted his claims that his trial and appellate counsel were ineffective. Additionally, he has not overcome his procedural default of those claims.

## C. Sufficiency of the Evidence

On direct appeal, Mr. Trotter claimed there was insufficient evidence to support his conviction. In assessing a claim of insufficient evidence to support a state-court conviction, it is irrelevant whether this Court believes that the evidence introduced at trial established guilt beyond a reasonable doubt. Instead, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garrison v. Burt*, 637 F.3d 849, 854 (8th Cir. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because the applicable standard allows courts to grant habeas relief only after finding that the state unreasonably applied clearly established federal law, this Court may grant relief only if it finds that the conclusion of the Arkansas Court of Appeals, that the evidence satisfied the sufficiency of evidence standard, was both incorrect and unreasonable. *Id.* (citations omitted).

Under Arkansas law, a person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person who is under the age of fourteen years. ARK. CODE ANN. § 5-14-103(a)(3)(A). Consent of the victim is not a defense. *Id.* at § 5-14-103(b). Furthermore, because Mr. Trotter was over 20 years of age, it was irrelevant whether he "[r]easonably believed the child to be fourteen (14) years of age or older." ARK. CODE ANN. § 5-14-102(b)(2).

The Court of Appeals noted that R.S. testified that she was thirteen years old when Trotter engaged in both sexual intercourse and sexual contact with her. And, under Arkansas law, a rape victim's testimony is sufficient to support a conviction if the

10

testimony satisfies the statutory elements of rape. *Trotter*, 2018 ARK. APP. at 5-6. Similarly, in the Eighth Circuit, a rape victim's testimony is, "by itself, normally sufficient to sustain a conviction." *Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000); see also *Fields v. Kelley*, 5:13-CV-297-KGB-JTR; 2015 WL 2452331 (E.D. Ark. 2015). The Court of Appeals's decision was not contrary to, or an unreasonable application of, clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts considering the testimony presented at trial.

### D.  Arkansas Code Annotated § 5-14-102(b)

At trial and on direct appeal, Mr. Trotter argued that the Arkansas statute that prohibits defendants from using "mistake of age" as an affirmative defense to statutory rape, is unconstitutional. See Arkansas Code Annotated § 5-14-102(b). The Arkansas Court of Appeals rejected the argument because, in *Gaines v. State*, 354 Ark. 89 (2003), the Arkansas Supreme Court had squarely found that the statute was constitutional. *Gaines*, 354 ARK. at 102. Noting that it had no authority to overrule the Arkansas Supreme Court's decision, the Court of Appeals denied Mr. Trotter's claim. *Trotter*, 2018 ARK. APP. at 6.

In *Gaines*, the Arkansas Supreme Court relied on the United States Supreme Court's decision in *Morissette v. United States*, 342 U.S. 246 (1952) to find that the legislature's elimination of the mistake-of-age defense in statutory rape cases was constitutional. *Gaines*, 354 Ark. at 100-101. In *Morrissette*, the Court held that conduct alone, regardless of intent, is enough to establish guilt for offenses such as statutory rape. *Id*. at 101 (citing *Lambert v. California*, 355 U.S. 225, 228 (1957)). The Court of

11

Appeals's decision was not contrary to, or an unreasonable application of, clearly established federal law. The Court of Appeals did not err in refusing Mr. Trotter's invitation to find Arkansas Code Annotated § 5-14-102(b) unconstitutional.

## VI. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Trotter has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Trotter has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## VII. Conclusion:

Mr. Trotter's ineffective assistance of trial and appellate counsel claims are procedurally defaulted, and the Arkansas Court of Appeals's decision to deny Mr. Trotter's insufficient-evidence and constitutional claims for relief was neither an unreasonable application of federal law nor an unreasonable determination of facts, considering the evidence presented.

Accordingly, Mr. Trotter's petition for writ of habeas corpus should be denied and dismissed, with prejudice, and a certificate of appealability should also be denied.

DATED this 3rd day of September 2019.

_____
UNITED STATES MAGISTRATE JUDGE